UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DISVISION

BARNACLE BILL'S OYSTER
BAR AND SEAFOOD
RESTAURANT, INC. and
THE HANDLEBAR & GRILL, INC.          Case No. 4:17-cv-00130-MW-CAS

    Plaintiffs,

v.

SYSCO CORPORATION

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Barnacle Bill's Oyster Bar and Seafood Restaurant, Inc. and The Handlebar & Grill, Inc. individually and on behalf of classes of all Florida or Arkansas persons or entities who are similarly situated, and assert this First Amended Class Action Complaint against the Defendant Sysco Corporation.

## NATURE OF THE CASE

1. Sysco is a multinational food distribution company headquartered in Houston, Texas. Sysco markets, sells, and distributes food products to restaurants, healthcare and educational facilities, lodging establishments and other customers like Barnacle Bill's and The Handlebar. In addition to the amount Sysco charges its customers for the sale and delivery of food products, Sysco charges its Florida and Arkansas customers a fee it calls a "Fuel Surcharge." The naming of the fee is not accidental. The term "Fuel Surcharge" has an understood meaning and Sysco uses this specific term to create the false impression that the fee is a legitimate charge related to increased fuel costs Sysco incurs in delivering products to its

1

customers. Sysco further uses the term "Fuel Surcharge" to create the false impression that the fee varies in accordance with Sysco's increased fuel costs and that the revenue from the "Fuel Surcharge" is used to offset those increased costs.

2. Sysco's representations, omissions, and practices in charging the "Fuel Surcharge" are deceptive and unfair. The "Fuel Surcharge" bears absolutely no relation to Sysco's actual increased fuel costs (or its actual fuel costs) and Sysco does not use the proceeds from the "Fuel Surcharge" to offset its increased fuel costs (or its actual fuel costs). The amount of the "Fuel Surcharge" generally does not change, despite decreases in Sysco's fuel costs. Further, Sysco includes any increases in fuel costs it might incur in delivering products in the standard prices it charges customers. Sysco uses the "Fuel Surcharge" simply to generate extra profit at its customers' expense, all the while deceiving customers into believing that the fee is a legitimate charge directly related to actual increased fuel costs it incurs, which it falsely claims it cannot control.

3. Sysco's conduct constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act and the Arkansas Deceptive and Unfair Trade Practices Act.

4. Further, this case presents a prototypical situation for class treatment. Sysco's conduct—including all relevant practices, deception, representations, and omissions—is uniform among all customers. Sysco uniformly uses the term "Fuel Surcharge" on its invoices. The application of Florida or Arkansas law to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of small businesses and individuals are vindicated through the efficiency of a single trial.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action and venue is proper in this Court

because jurisdiction and venue was proper where Barnacle Bill's first filed this case (In the Circuit Court of Leon County, Florida), Sysco removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and Plaintiffs have not challenged this Court's jurisdiction pursuant to those statutes.

## PARTIES

6. Plaintiff Barnacle Bills Oyster Bar and Seafood Restaurant, Inc. was a Florida corporation with its principal place of business in Tallahassee, Florida. Barnacle Bills was invoiced for and paid a "Fuel Surcharge" on multiple occasions and as recently as July, 2016 (See Exhibit "A").

7. Plaintiff The Handlebar & Grill, Inc. is an Arkansas corporation with its principal place of business in Little Rock, Arkansas. The Handlebar was invoiced and paid a paid a "Fuel Surcharge" on multiple occasions and as recently as June, 2016 (See Exhibit "B").

8. Defendant Sysco is a Delaware entity with has its principal place of business in Houston, Texas. Defendants' appointed agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Sysco received all of the "Fuel Surcharges" at issue in this matter and are responsible, either directly or indirectly, for the conduct at issue in this matter.

## CLASS REPRESENTATION ALLEGATIONS

9. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 and propose the following classes:

**Florida Class**
All entities who reside in Florida who paid Sysco a "Fuel Surcharge" from four years before filing of this action to the date of class notice.

**Arkansas Class**
All entities who reside in Arkansas who paid Sysco a "Fuel Surcharge" from five years before filing of this action to the date of class notice.

10. Excluded from the proposed class are members of the judiciary, entities currently in bankruptcy, entities whose obligations have been discharged in bankruptcy, and governmental entities.

11. Plaintiffs maintain the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

12. The exact number of class members is unknown to Plaintiffs at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Sysco its agents. Upon information and belief, the number of putative members of each class exceeds 100 entities.

**EXISTENCE AND PREDOMINANCE OF**
**COMMON QUESTIONS OF LAW AND FACT**

13. There are common questions of law and fact common and of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

    a. Whether Sysco charges excessive amounts for its "Fuel Surcharge".

    b. Whether the "Fuel Surcharge" is directly related to Sysco's increased cost of fuel or actual cost of fuel.

    c. Whether Sysco uses the "Fuel Surcharge" to offset its increased fuel costs.

    d. Whether the "Fuel Surcharge" fluctuates as Sysco's actual fuel costs fluctuate.

    e. Whether Sysco's use of the term "Fuel Surcharge" is deceptive.

    f. Whether Sysco has misrepresented facts about the "Fuel Surcharge".

    g. Whether Sysco has omitted material facts about the "Fuel Surcharge".

h. Whether the "Fuel Surcharge" bears any relation to Defendants' increased costs of fuel or its actual cost of fuel.

i. Whether Sysco's representations and omissions regarding the "Fuel Surcharge" constitute a deceptive trade practice.

j. Whether Sysco has been unjustly enriched by charging the "Fuel Surcharge".

k. Whether the term "Fuel Surcharge" is likely to mislead a reasonable person.

l. Whether the same law applies to all class members' claims.

m. Whether Plaintiffs and class members are entitled to class relief as requested herein.

n. Whether Sysco is recovering for the same alleged cost twice, i.e. once in the actual rate and then again in the actual surcharge or fee.

## TYPICALITY AND NUMEROSITY

14. The claims of the named Plaintiffs are typical of the claims of the respective classes. Upon information and belief, the total number of members of each putative class exceeds 100 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

15. Plaintiffs will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to those of other class members. Plaintiffs have retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the classes.

## SUPERIORITY

16. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is

impracticable. The interests of judicial economy favor adjudicating the claims for the Plaintiff classes rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

17. Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

18. Barnacle Bill's was a restaurant in Tallahassee, Florida. The Handlebar is a restaurant in Little Rock, Arkansas. Sysco is a multinational food distribution company headquartered in Houston, Texas with over $50 billion a year in annual revenue. As with all its customers, Sysco marketed, sold, and delivered food products to Barnacle Bill's in exchange for a per item cost. But in addition to this amount, Sysco also charged Barnacle Bills the fee that is the subject of this lawsuit.

19. Sysco calls the subject fee a "Fuel Surcharge." The naming of the fee is not an accident. Sysco labeled this fee as such to create the impression that the purpose of the fee is to recover the increased fuel costs it incurs in delivering products to its customers. As such, Sysco represents that the "Fuel Surcharge" is directly related to its increased cost of fuel, that this fee fluctuates as Sysco's fuel cost fluctuates, and that this fee is used to offset those increased fuel costs. By using the term "Fuel Surcharge"—a term which Sysco has uniformly used on every invoice received by every Class Member charged this fee—Sysco represents that this fee is directly related to its increased fuel costs and that this fee will be used to defray such costs.

20. In actuality, the "Fuel Surcharge" is unrelated to Sysco's actual or increased fuel costs, and certainly not charged to defray those increased costs. The "Fuel Surcharge" does not vary or fluctuate in accordance with Sysco's actual increased fuel costs and the method by which

6

Sysco determines the "Fuel Surcharge" has no relation to its increased fuel costs or any changes in those costs. Sysco has done no legitimate analysis to determine the proper amount of the "Fuel Surcharge" in connection to its increased fuel costs. Sysco does not apply the money received from the "Fuel Surcharge" to offset its increased fuel costs; rather, it is recognized as revenue and contributes directly to Sysco's profit. Additionally, the increased fuel costs Sysco purportedly recovers through the "Fuel Surcharge" are already fully through the prices it charges for sale and delivery of products. These prices include the individual component costs of Sysco's business, including—specifically—the costs of fuel and other overhead.

21. In fact, Sysco's per gallon fuel costs are lower today than when the "Fuel Surcharge" was implemented.

22. Sysco also has omitted material facts regarding the "Fuel Surcharge". For example, Sysco does not disclose that the "Fuel Surcharge" is not related to Sysco's increased fuel or actual fuel costs, that the "Fuel Surcharge" is not applied to Sysco's fuel costs, that Sysco's actual cost of fuel is not a factor in the amount of the "Fuel Surcharge" and that the "Fuel Surcharge" is recognized as profit. Sysco does not disclose its actual fuel costs to customers nor does it disclose the methodology, to the extent there is one, used to determine the amount of the "Fuel Surcharge". And Sysco never discloses that the amount of "Fuel Surcharges" charged to customers substantially exceeds its actual increased fuel costs, if any.

23. In truth, Sysco devised, implemented, and set the amount of the "Fuel Surcharge" simply to increase their profits without any intent of recovering the increased fuel costs they incur in servicing customers.

24. Sysco, at some time in the past, did not charge "Fuel Surcharges" to its customers. Any purported fuel costs or increased fuel costs were recovered in the per item price for the sale

7

and delivery of products, the same as other overhead costs. Sysco, however, figured out that it could substantially increase revenue by charging this deceptive fee. Sysco recovers the same alleged costs twice from its customers. Such practice constitutes "double-dipping."

25. This naming, implementation, and charging of the "Fuel Surcharge" is designed by Sysco to deceive its customers, and is likely to deceive those customers acting reasonably under the circumstances. Sysco's misrepresentations, omissions, and deceptive practices did in fact deceive Plaintiffs and Sysco's other Florida and Arkansas customers to their detriment in that each paid a Fuel Surcharge. No Florida or Arkansas customer knew or could have known what Sysco's actual increased fuel costs were.

26. In short, Plaintiffs do not claim that they did not know about the "Fuel Surcharge." Rather, Plaintiffs' claims arise from the simple fact that the "Fuel Surcharge" (labeled as such by Sysco), was not in fact designed to cover anything related to its increased or actual fuel costs.

**FIRST CAUSE OF ACTION**

**VIOLATION OF FLORIDA'S DECEPTIVE AND
UNFAIR TRADE PRACTICES ACT
Fla. Stat. § 501.201, et seq("FDUTPA")
(Florida Class Only)**

27. All allegations and paragraphs in this complaint are incorporated by reference.

28. Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

29. The stated purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."

Fla. Stat. § 501.202.

30. Barnacle Bill's and each member of the putative class, as "consumers" under FDUTPA (Fla. Stat. § 501.203(7)), have been harmed by Sysco's unconscionable, deceptive, and unfair acts and practices in the charging of the Fuel Surcharge. In naming this fee a "Fuel Surcharge", Sysco characterizes the fee as a legitimate charge which is designed to recover the increased fuel costs it incurs in providing food delivery services to its customers, and which is used to offset such costs   In truth, the "Fuel Surcharge" does not bear any relation to any increased costs nor any actual costs incurred by Sysco and it is not used to offset any actual or increased costs. Further, Sysco already recovers any fuel costs, including increased fuel costs, it might incur through the per item prices Sysco charges for sale and delivery of products ("double-dipping"). Barnacle Bill's and each member of the putative Florida class incurred damages in the form of paying improper "Fuel Surcharges".

31. In reality, the "Fuel Surcharge" is nothing more than a profit enhancer for Sysco and are otherwise improper. Sysco has deceived and misled Barnacle Bill's and putative class members in that the "Fuel Surcharge" serves no purpose other than to increase Sysco's profits and because the fee is excessive and bears no relation to any actual cost incurred by Sysco. Sysco has performed no cost analysis to determine whether the "Fuel Surcharge" bears any relation to the costs incurred by Sysco. Sysco's misrepresentations, omissions, and deceptive practices as set out in this First Amended Class Action Complaint are likely to mislead reasonable customers under the circumstances.

32. Specifically, Sysco's deceptive practices directed toward Barnacle Bill's and putative class members include:

    a. Sysco's failure to disclose the excessive amount it charges for its "Fuel

Surcharge";

b. Sysco's naming of this fee a "Fuel Surcharge" and thereby communicating to customers that it is directly related to its increased cost of fuel or actual cost of fuel;

c. Sysco's naming of this fee a "Fuel Surcharge" and thereby communicating to customers that it is used to offset its increased fuel costs;

d. Sysco's failure to disclose that the "Fuel Surcharge" does not fluctuate as Sysco's actual fuel costs fluctuate;

e. The failure to disclose that the "Fuel Surcharge" has nothing to do with Sysco's actual cost of fuel;

f. The failure to disclose that Sysco's actual cost of fuel is not a factor in Sysco's "Fuel Surcharge" calculation;

g. Sysco's failure to disclose to its customers that it is recovering for the same alleged cost twice, i.e. once in the actual rate and then again in the actual surcharge;

h. Additional deceptive practices as set out in this First Amended Class Action Complaint.

33. Sysco's misrepresentations, omissions, and deceptive practices as set out herein are likely to mislead reasonable consumers under the circumstances.

34. Sysco's actions or inactions directed toward Barnacle Bill's and putative class members are also unfair. Such actions or inactions include:

a. Charging Barnacle Bill's and putative class members for the same alleged costs twice, i.e. "double dipping";

b. Charging excessive amounts for the "Fuel Surcharge";

   c. Charging a "Fuel Surcharge" which bears no relation to Sysco's actual or increased costs;

   d. Charging a "Fuel Surcharge" which does not include Sysco's actual costs in the calculation of the amount the "Fuel Surcharge";

   e. Charging Barnacle Bill's and putative class members a "Fuel Surcharge" when Sysco's actual fuel costs decrease.

   f. Charging Barnacle Bill's and putative class a "Fuel Surcharge" when the "Fuel Surcharge" is waived for other Florida customers.

35. As a result of the deceptive and unfair practices described above, Barnacle Bill's and each putative class member paid the improper "Fuel Surcharges" to their detriment.

## SECOND CAUSE OF ACTION

### VIOLATION OF ARKANSAS'S DECEPTIVE PRACTICES ACT
### Ark. Code Ann. § 4-88-101, et seq. ("ADTPA")
### (Arkansas Class Only)

36. All allegations and paragraphs in this complaint are incorporated by reference.

37. Defendants have violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq. ("ADTPA"), which prohibits "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(10).

38. The ADTPA further prohibits the "act, use, or employment by any person of any deception, fraud, or false pretense" and the "concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108(1)-(2).

39. The Handlebar and each member of the ADTPA Class have been harmed by Sysco's unconscionable, false, and deceptive practices in the charging of the "Fuel Surcharge". Sysco's fraudulent scheme is misleading in material aspects.

40. Sysco created and named the "Fuel Surcharge" to increase their profits at their customers' expense while misleading them into believing that the "Fuel Surcharge" is a legitimate fee related to Sysco's increased fuel costs. In truth, the "Fuel Surcharge" does not bear any relationship to the fuel costs that Sysco claims justify it. The revenue from the "Fuel Surcharge" is not used to offset any such fuel costs. Rather, Sysco named the fee "Fuel Surcharge" simply to deceive their customers into believing that this fee bears a reasonable, and rational connection to certain costs. The Handlebar and each member of the putative Arkansas class incurred damages in the form of paying improper "Fuel Surcharges".

41. Further, Sysco already recovers any increased fuel costs it might incur through the product prices Sysco charges customers. The "Fuel Surcharge" simply acts as hidden price increases that Sysco falsely pass off as a standard charge that is directly based on costs outside of Sysco's control.

42. Specifically, Sysco's deceptive practices directed toward The Handlebar and putative class members include:

   a. Sysco's failure to disclose the unlawful amount it charges for its "Fuel Surcharge."

   b. Sysco specific use of the term "Fuel Surcharge" to communicate that the fee is directly related to its increased cost of fuel or actual cost of fuel;

   c. Sysco's use of the term "Fuel Surcharge" to communicate that that the fee is used to offset its increased fuel costs;

d. The failure to disclose that the "Fuel Surcharge" has nothing to do with Sysco's actual cost of fuel;

e. The failure to disclose that Sysco's actual cost of fuel is not a factor in Sysco's "Fuel Surcharge" calculation;

f. Additional deceptive practices as set out in this Class Action Complaint.

43. Sysco's conduct in charging the "Fuel Surcharge" is unconscionable in that it affronts justice, decency, and reasonableness and constitutes the improper use of economic leverage in a trade transaction. Such actions or inactions include:

a. Charging unlawful amounts for the "Fuel Surcharge";

b. Charging a "Fuel Surcharge" that bears no relation to Sysco's actual or increased fuel costs;

c. Charging the "Fuel Surcharge" even when Sysco's actual fuel costs decrease.

44. Sysco acted knowingly in making misrepresentations, omitting material facts, and carrying out their fraudulent scheme in that it knew that the "Fuel Surcharge" was not related to Sysco's increased fuels costs but rather was named, designed, implemented, and charged to increase Sysco's profits at its customers' expense.

45. The Handlebar and each member of the ADTPA class have been damaged as a result of Sysco's deceptive and unconscionable practices described above in that they each paid the improper "Fuel Surcharges" to their detriment.

### THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT**
**(All Classes)**

46. All allegations and paragraphs in this complaint are incorporated by reference.

47. To the extent necessary, this count is pled in the alternative to the previous counts.

48. Sysco received money from Plaintiffs and each member of the putative classes through the charging of "Fuel Surcharges" that are fraudulent, deceptive, unfair, and unrelated to Sysco's actual or increased costs. The benefit conferred by Plaintiffs and each member of the putative class was non-gratuitous and Sysco realized value from this benefit. It would be inequitable for Sysco to retain this benefit.

## PRAYER FOR RELIEF

49. Plaintiffs, on behalf of themselves and each member of the putative classes, demand all remedies and damages available to them, including repayment of all "Fuel Surcharges", a declaration that the practices describe above are deceptive or unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act and Arkansas Deceptive Practices Act, restitution, interest, and the attorneys' fees and costs incurred in bringing this action.

**Plaintiffs requests a trial by jury.**

Dated: April 3, 2017                    Respectfully submitted,

/s Oscar M. Price, IV
Oscar M. Price, IV
PRICE ARMSTRONG, LLC
2421 2nd Avenue North, Suite 1
Birmingham, AL 35203
Phone: 205.208.9588
Fax: 205.208.9598
oscar@pricearmstrong.com

Ryan Hobbs
BROOKS, LEBOEUF, BENNETT, FOSTER & GWARTNEY, PA
909 East Park Avenue
Tallahassee, Florida 32301
Phone: 850.222.2000
Fax: 850.222.9757
rhobbs@tallahasseeattorneys.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2017 I filed the foregoing using the CM/ECF system which will send electronic notice of such filing to all counsel of record.

*/s Oscar M. Price, IV*
Attorney for Plaintiffs
